Robert GLISPIE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1102–CR–115.

Court of Appeals of Indiana.

Oct. 12, 2011.

Rehearing Denied Dec. 21, 2011.

Deborah Markisohn, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Robert Glispie appeals his conviction for criminal trespass, as a Class A misdemeanor, following a bench trial. Glispie presents a single issue for review, namely,

whether the evidence is sufficient to support his conviction. We reverse.

## FACTS AND PROCEDURAL HISTORY

At 1:45 a.m. on October 13, 2010, Officer Patrick McPherson of the Indianapolis Metropolitan Police Department ("IMPD") was dispatched to 522 E. Washington Street in Indianapolis to investigate a report of trespassing.[1] The building at that address is owned by Modern Office Photo Supply ("Modern"). On the back of Modern's building is a "fake door with a concrete flooring on the outside. It's approximately twelve by twelve" feet. Transcript at 8. There is no evidence indicating who reported the alleged trespass to law enforcement.

Upon arriving at the address, Officer McPherson found Glispie and another man outside "[i]n the rear" of the building. *Id.* at 11. The officer had previously given Glispie several oral warnings and two written warnings for trespassing at the same location. Officer McPherson arrested Glispie.

The State charged Glispie with criminal trespass, as a Class A misdemeanor. At the bench trial, the State's only evidence consisted of testimony from Officer McPherson. At the close of the State's case, Glispie moved for involuntary dismissal under Trial Rule 41(B). The trial court denied the motion, and Glispie rested without presenting any evidence. The court then found Glispie guilty, entered judgment of conviction accordingly, and sentenced him to one year, with credit for time served and good time credit, and 249 days suspended. Glispie now appeals his conviction.

## DISCUSSION AND DECISION

■ Glispie contends that the evidence is insufficient to support his conviction for criminal trespass. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Wright v. State*, 828 N.E.2d 904, 905–06 (Ind.2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. *Id.* at 906.

To prove the offense of criminal trespass, as a Class A misdemeanor, the State was required to show beyond a reasonable doubt that Glispie, without having a contractual interest in the property, knowingly or intentionally entered real property belonging to Modern after having been denied entry by Modern or its agent. *See* Ind.Code § 35–43–2–2(a)(1). "A person has been denied entry under subdivision (a)(1) of this section when the person has been denied entry by means of [a] personal communication, oral or written." Ind. Code § 35–43–2–2(b)(1). Glispie contends that the evidence is insufficient to show that he entered Modern's property after being denied entry by Modern or its agent. Specifically, he argues that there is no evidence to prove that Officer McPherson,

---

1. Officer McPherson testified that he is a "homeless liaison" for IMPD. Transcript at 13. On the night in question he was wearing a "homeless jacket" and carrying a badge, both issued by IMPD, but he was not wearing a "fully marked uniform[.]" *Id.* Neither the record nor the parties clarify the specific nature of Officer McPherson's position as a "homeless liaison."

the person who had denied Glispie entry, was Modern's agent. We must agree.

Glispie's conviction is based on Officer McPherson's testimony that he had previously denied Glispie entry onto Modern's property and then found Glispie on the property again on October 13. Thus, the conviction is based on evidence purporting to show that Officer McPherson, acting as Modern's agent, had denied Glispie entry onto the property. Therefore, we must consider the law of agency.

When one person gives another person authority to act on his behalf, an agency relationship is created. *Johnson v. Blankenship*, 679 N.E.2d 505, 507 (Ind.Ct. App.1997), *trans. denied*. This court recently described the elements necessary to establish an actual agency relationship:

> "Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former." To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent. These elements may be proven by circumstantial evidence, and there is no requirement that the agent's authority to act be in writing. Whether an agency relationship exists is generally a question of fact, but if the evidence is undisputed, summary judgment may be appropriate.

*Demming v. Underwood*, 943 N.E.2d 878, 883 (Ind.Ct.App.2011) (citations omitted). An apparent agency "is also created by a manifestation of the principal. However,

the required manifestation is one made by the principal to a third party who in turn is instilled with a reasonable belief that another individual is an agent of the principal." *Hope Lutheran Church v. Chellew*, 460 N.E.2d 1244, 1248 (Ind.Ct.App.1984) (citation omitted). One who asserts that there was an agency relationship has the burden of proving its existence. *Smith v. Brown*, 778 N.E.2d 490, 495 (Ind.Ct.App. 2002).

Here, Officer McPherson testified that he had previously given Glispie verbal and written warnings not to enter onto Modern's property. Nevertheless, on October 13, the officer again found Glispie on Modern's premises. Officer McPherson identified himself as a police officer and arrested Glispie.

But the only evidence of Officer McPherson's agency status was his own testimony that he "could act as an agent of the property."[2] Transcript at 6. More is required. It is a well-established rule that agency cannot be proven by the declaration of the agent alone. *United Artists Theatre Circuit, Inc. v. Ind. Dep't of State Revenue*, 459 N.E.2d 754, 758 (Ind.Ct.App. 1984). Thus, the State was required to show all three elements—a manifestation of consent by the principal, acceptance of authority by the agent, and control exerted by the principal over the agent—in order to establish an agency relationship. *See Demming*, 943 N.E.2d at 883. There is no evidence in the record regarding Modern's manifestation of consent or Modern's control over Officer McPherson as its agent. Thus, the evidence does not show the existence of an actual agency relationship.

---

2. During its direct examination of Officer McPherson, the State mentioned an email sent from Modern to the officer's superior, asking the officer to serve as "agent of the property." Transcript at 6. The trial court sustained Glispie's objection on hearsay grounds to the admission of Officer McPherson's testimony regarding the email.

*See id.* Nor is there any evidence that Modern ever communicated directly with Glispie to manifest its consent to that agency relationship. As such, the evidence is also insufficient to show that Officer McPherson was Modern's apparent agent. *See Hope Lutheran Church*, 460 N.E.2d at 1248.

■■■ "[A] police officer who is neither an owner of a property nor an agent of an owner of a property cannot create a trespass violation by asking a patron to leave and then arrest the patron when [he] refuses to do so." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 763 (7th Cir.2006) (opining on the meaning of Indiana law), *corrected by*, 2006 U.S.App. LEXIS 13604 (7th Cir.2006). Similarly, here, an officer, if neither an owner nor an agent of the owner, cannot create a trespass violation by denying a person entry to private property and later discovering that person again on the property.[3] *See id.* Where a criminal trespass charge is based on communication by the property owner's agent, the State must prove all of the elements necessary to show an agency relationship. Absent such evidence, the State fails to prove an essential element of the offense.

We recognize that there is case law holding that a police officer cannot simultaneously act as a law enforcement officer and a private agent. *See Bowman v. State*, 468 N.E.2d 1064, 1068 n. 1 (Ind.Ct. App.1984) (off-duty police officers working as private security guards need not give *Miranda* warning because they "shed their cloak of State agency and become agents of the private hiring authority"); *cf. Tapp v. State*, 406 N.E.2d 296 (Ind.Ct.App.

1980) (holding that "it is the nature of the acts performed and not whether the officer is on or off duty, in or out of uniform, which determines whether the officer is engaged in the performance of his official duties."). But *Bowman* is distinguishable because it involves an off-duty police officer who was working as a security guard at a retail store. Moreover, that case did not involve a criminal statute requiring proof of an agency relationship. Thus, we conclude that the rule applied in *Bowman* and other cases citing that case is inapposite on the present facts.

The statute defining criminal trespass requires that entry on property be denied by either the owner or its agent. Ind. Code § 35–43–2–2(a)(1). Our legislature is deemed to know the meaning of the word "agent." We must apply a criminal statute strictly according to its terms. *See Lovitt v. State*, 915 N.E.2d 1040, 1044 (Ind.Ct. App.2009).

The evidence shows that Officer McPherson had given oral and written warnings to Glispie not to enter Modern's property before he found Glispie again on the property on October 13. But even giving full credit to Officer McPherson's testimony that he was acting as Modern's agent, without any corroboration his testimony is insufficient to establish an agency relationship. The State failed to show the elements necessary for an agency relationship. As such, the State failed to prove an essential element of criminal trespass, namely, that the owner or its agent had denied Glispie entry onto the owner's property. Therefore, the evidence is insufficient as a matter of law to support

---

**3.** Indiana Code Section 35–43–2–2 provides alternative elements for criminal trespass. In addition to the denial of entry element charged in this case, criminal trespass can also be proved where the perpetrator refuses to leave after having been asked to do so. Ind.Code § 35–43–2–2(a)(2). The agency requirement applies to both subsections.

Glispie's conviction.[4]

Reversed.

RILEY, J., and MAY, J., concur.

---

4.  In light of our conclusion that the State did not prove this element of criminal trespass, we need not consider Glispie's contention that the State failed to prove an additional element, namely, that Modern owned the property he was on when arrested.