**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 10 2012, 8:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| STEVEN CUSACK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1106-CR-274 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven J. Rubick, Magistrate
Cause No. 49F19-1101-CM-220

**January 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

On multiple occasions, Steven Cusack was denied entrance to an Indianapolis bar several times and told to leave by the doorman and an off-duty police officer who was moonlighting as a security guard for the bar. Cusack, however, returned each time and was eventually arrested by the off-duty police officer. Cusack now appeals his conviction for Class A misdemeanor criminal trespass, arguing that the evidence is insufficient. Finding that the evidence is sufficient to prove that Cusack entered the real property of the bar and that the off-duty police officer was an agent of the bar, we affirm the trial court.

**Facts and Procedural History**

The facts most favorable to the judgment reveal that in January 2011, off-duty Indianapolis Metropolitan Police Department Officer John Walters was working for Tiki Bob's Cantina as an "outside uniformed security person" at its downtown Indianapolis bar. Tr. p. 5. Specifically, Tiki Bob's paid Officer Walters to provide security, respond to disturbances on the premises, and use his discretion to solve any disturbances. *Id.* at 7, 24-25.

Officer Walters came in contact with Cusack four times during this particular shift. On the first occasion around midnight, Officer Walters observed Cusack in front of the entrance to Tiki Bob's talking to the doorman about entering the bar. Cusack was denied entrance because of dress-code violations. Cusack was wearing baggy pants which had "fallen down." *Id.* at 32. Cusask, however, would not get out of the entrance line to the bar and continued arguing with the doorman. Officer Walters approached and

told Cusack that "he needed to leave or he'd be arrested for trespass or public intox." *Id.* at 10.

Cusack returned about twenty minutes later and again argued with the doorman about entering the bar. Officer Walters approached and told Cusack that he needed to "leave, [he's] not allowed into the bar tonight, come back another evening." *Id.* Again, Cusack argued with Officer Walters and the doorman, saying it was "bullsh**" and that the "rule didn't apply to him." *Id.* Cusack reluctantly left once Officer Walters threatened to take him to jail if he kept arguing with them.

About an hour later, Cusack returned. On this occasion, Cusack "actually got into the entryway of the building," that is, "right where . . . the entrance doors are." *Id.* at 11. Officer Walters explained that Cusack did not stay on the sidewalk but rather "br[e]ached the actual entryway" and was "standing maybe a foot into the door." *Id.* at 12, 21. The doorman, however, "stopped him from entering." *Id.* at 11. When Cusack and the doorman got into another discussion, Officer Walters approached Cusack and said, "hey, this is your last warning, I'm going to lock you up, get out of here." *Id.* at 12. Cusack grudgingly left.

Cusack returned around 2:15 a.m. for the final time. Cusack approached the entryway of Tiki Bob's and was confronted by the doorman again. At this point, Officer Walters told Cusack that he was going to jail and placed him in handcuffs. Cusack continued to be belligerent, so Officer Walters had to "walk him forcefully over to [his] car to get him out of the doorway." *Id.* at 14-15.

3

The State charged Cusack with Class A misdemeanor criminal trespass.[1]  Cusack testified at his bench trial that he never entered Tiki Bob's but rather stayed on the sidewalk.  The trial court found that the evidence showed the following:

> Mr. Cusack broke the plan[e] of Tiki Bob's and though [defense counsel] has argued very thoroughly on Mr. Cusack's behalf, despite the fact that Mr. Cusack claimed otherwise, I find that the Officer's testimony is sufficient to establish that on at least two (2) occasions after being confronted by the doorman and told to leave, Mr. Cusack broke the plane. Mr. Cusack was given multiple opportunities to simply walk away, but by his own admission came back.

*Id.* at 44.  The trial court thus found Cusack guilty and sentenced him to eight days in the Marion County Jail.

Cusack now appeals.

### Discussion and Decision

Cusack contends that the evidence is insufficient to support his conviction for Class A misdemeanor criminal trespass.  When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence.  *Id.*  When confronted with conflicting evidence, we consider it most favorably to the trial court's ruling.  *Id.*  We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt."  *Id.* (quotation omitted).  It is not necessary that the evidence overcome every reasonable hypothesis of innocence.  *Id.* at 147.  The

---

[1] The State also charged Cusack with public intoxication, but the trial court granted Cusack's Trial Rule 41(B) dismissal at the conclusion of the State's case-in-chief.

4

evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Id.*

To convict Cusack of Class A misdemeanor criminal trespass as charged here, the State was required to prove beyond a reasonable doubt that Cusack, who did not have a contractual interest in the property, knowingly or intentionally entered the real property of Tiki Bob's Cantina after having been denied entry by Tiki Bob's or its agent. Appellant's App. p. 16; *see also* Ind. Code § 35-43-2-2(a)(1). A person has been denied entry under subsection (a)(1) when the person has been denied entry by means of "personal communication, oral or written." I.C. 35-43-2-2(b)(1).

Cusack first argues that the evidence does not show, "with requisite sufficiency," that he entered the real property of Tiki Bob's after being denied entry. Appellant's Br. p. 7. Instead, Cusack maintains that he never left the sidewalk and therefore did not enter Tiki Bob's property.

To the contrary, the record is clear that Cusack, who wanted to enter Tiki Bob's, was denied entry and told to leave the premises on three separate occasions by the doorman and Officer Walters. After receiving two of these orders, Cusack ignored them and walked through the doorway, making it about a foot inside the door.[2] Tr. p. 12, 21. Cusack's arguments that he testified that he never entered Tiki Bob's but rather stayed on the sidewalk are merely an invitation for us to reweigh the evidence, which we will not do.

---

[2] Because the evidence most favorable to the judgment shows that Cusack entered the property, we need not address Cusack's argument that the State failed to prove "where [Tiki Bob's] real estate began in relation to the outside sidewalk." Appellant's Br. p. 7.

5

Cusack then asserts that assuming, arguendo, he entered Tiki Bob's property and was told to leave by Officer Walters, the State failed to prove that Officer Walters was acting as Tiki Bob's agent. Cusack relies on this Court's recent opinion in *Glispie v. State*, 955 N.E.2d 819 (Ind. Ct. App. 2011), *reh'g denied*,[3] to prove that Officer Walters was not an agent of Tiki Bob's. We, however, find *Glispie* distinguishable.

In that case, Officer Patrick McPherson arrested Glispie at a business for trespass. Officer McPherson testified at trial that he had previously given Glispie verbal and written warnings not to enter the business's property. *Id.* at 822. Officer McPherson further testified that he could act as an agent of such property. *Id.* We, however, held that "[m]ore is required" because "[i]t is a well-established rule that agency cannot be proven by the declaration of the agent alone." *Id.*; *see also id.* at 823 ("Where a criminal trespass charge is based on communication by the property owner's agent, the State must prove all of the elements necessary to show an agency relationship.").

Here, however, the evidence shows that Officer Walters was an off-duty police officer who was working as a paid security guard at Tiki Bob's. In his role as a security guard for Tiki Bob's, Officer Walters was given discretion on how to handle any disturbances that might arise. In *Glispie*, we found this type of situation to be distinguishable. *Id.* at 823 (noting that *Bowman v. State*, 468 N.E.2d 1064 (Ind. Ct. App. 1984), was "distinguishable because it involves an off-duty police officer who was working as a security guard at a retail store.").

---

[3] This Court denied rehearing in *Glispie* on December 21, 2011. Accordingly, the deadline for petitioning for transfer has not yet passed. Nevertheless, because both parties rely heavily on *Glispie* for this issue, we analyze it.

In addition, the evidence shows that Officer Walters acted in concert with Tiki Bob's doorman, who Cusack admitted had authority to admit or deny him access to the bar. Indeed, Officer Walters told Cusack, "you're going to go to jail if you keeping arguing with us," referring to Officer Walters and the doorman. Tr. p. 10-11. The evidence shows that Officer Walters had the authority, as Tiki Bob's agent, to order Cusack not to enter the bar. We therefore affirm Cusack's conviction for Class A misdemeanor criminal trespass.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.