**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID PARDO**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ALBERT LINDSEY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1204-CR-333 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James Osborn, Judge
Cause No. 49F15-1108-FD-057094

**November 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Albert Lindsey appeals his conviction for trespassing, a Class D felony. Lindsey raises two issues, which we consolidate and restate as whether sufficient evidence was presented to sustain his conviction for trespass and to enhance his conviction from a Class A misdemeanor to a Class D felony. Concluding that sufficient evidence was presented to support his conviction and enhancement, we affirm.

## Facts and Procedural History

Sally Brown has been the general manager of a White Castle restaurant in Indianapolis for four years (the "16th Street White Castle"). As general manager, she is responsible for the location's daily operations including hiring, firing, ordering, and customer service. Over the course of her four years as general manager, she has had several encounters with Lindsey. With some regularity, Lindsey would visit the 16th Street White Castle to dry his laundry on their fence, dig through the trash, shout at customers, and ask people for money. Fearing he would drive away customers, Brown told Lindsey he could no longer be on White Castle's property.

Brown informed all of her managers and employees that Lindsey had been told not to return. She also told Indianapolis Metropolitan Police Department ("IMPD") officers, Michael Tharp and Michael Beatty, that Lindsey was not allowed on the property and asked that they remove him if he was found on the premises. Officers Tharp and Beatty spoke with Lindsey several times, reminding him that he was not allowed on the property. On February 6, 2010, and again on May 12, 2010, Officer Tharp arrested Lindsey for trespassing on White Castle's property. On both occasions the State charged Lindsey with trespass, a Class A misdemeanor.

On August 11, 2012, Officers Tharp and Beatty responded to a dispatch call and found Lindsey with a group of people at one of the 16th Street White Castle's outdoor tables. The officers arrested Lindsey and the State charged him with trespass, a Class A misdemeanor, as well as a Class D felony enhancement for previously trespassing on the same property.

The trial court convicted Lindsey of trespass as well as the Class D felony enhancement and sentenced him to 910 days in the Indiana Department of Correction, with credit for 144 actual days served. Lindsey now appeals his conviction and enhancement. Additional facts will be supplied as appropriate.

## Discussion and Decision

### I. Standard of Review

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. Lainhart v. State, 916 N.E.2d 924, 939 (Ind. Ct. App. 2009). We will consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. A conviction may be based upon circumstantial evidence alone. Id. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. Id.

### II. Conviction for Trespass

To convict Lindsey of trespassing, the State was required to prove that, not having a contractual interest in the property, Lindsey entered White Castle's premises after

3

having been denied entry by White Castle or its agent. Ind. Code § 35-43-2-2(a)(1).

Lindsey does not dispute that he lacked a contractual interest in the property, that the

property belonged to White Castle, or that Brown denied him entry to the property.

Lindsey argues that sufficient evidence has not been offered to prove that Brown is an

agent of White Castle and therefore authorized to bar him from the premises.

> Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former. To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent. These elements may be proven by circumstantial evidence, and there is no requirement that the agent's authority to act be in writing. Whether an agency relationship exists is generally a question of fact, but if the evidence is undisputed, summary judgment may be appropriate.

Glispie v. State, 955 N.E.2d 819, 822 (Ind. Ct. App. 2011) (quoting Demming v.

Underwood, 943 N.E.2d 878, 883 (Ind. Ct. App. 2011), trans. denied).

Lindsey relies on this court's prior conclusion that agency cannot be established

solely by an individual's claim that he or she is the agent of another. Id. In this case

however, Brown testified to a number of facts that meet the three requirements for

finding an agency relationship between her and White Castle. Brown has been the

general manager of the 16th Street White Castle for four years and is responsible for the

restaurant's daily operations. The company manifested its consent to Brown acting as its

agent by hiring her as the general manager of the 16th Street White Castle and continued

allowing her to run the restaurant during this time. Brown testified to giving direction to

White Castle's managers and employees, a clear acceptance of authority to act as White

Castle's agent. White Castle, as Brown's employer, exerted control over Brown by virtue

of their employer-employee relationship. Additionally, Officers Tharp and Beatty

4

testified that Brown was the restaurant's manager. Sufficient evidence was offered such that a reasonable person could conclude that Brown had authority to act on behalf of White Castle and Lindsey was thus barred from entering the property by an agent of White Castle.

### III.  Class D Felony Enhancement

To enhance his conviction to a Class D felony, the State had to prove Lindsey had previously been convicted for trespassing on the same property on an unrelated occasion. Ind. Code § 35-43-2-2(a). Lindsey argues that sufficient evidence was not offered to prove that his prior convictions were for trespassing on this specific property.

At trial, the State offered Officer Tharp's arrest reports from the prior two incidents. The arrest reports list the street address for the 16th Street White Castle as the location of the arrest. The JUSTIS numbers[1] on the arrest reports correspond with the court documents showing Lindsey was twice convicted of trespassing on an unspecified White Castle property. Lindsey correctly states that arrest reports and probable cause affidavits are not the means by which a defendant is accused of a crime. Gilliam v. State, 270 Ind. 71, 80, 383 N.E.2d 297, 303 (1978). This does not, however, bear on their admissibility as evidence relevant to past convictions. In addition to the arrest reports tied to Lindsey's trespass convictions by the JUSTIS numbers, Officer Tharp testified as to the validity of the reports and recounted arresting Lindsey twice previously for trespassing at the 16th Street White Castle. Sufficient evidence was offered such that a

---

[1] A unique JUSTIS number is assigned to every arrest report and remains on the document, identifying the case throughout its disposition in the Marion County courts.

5

reasonable person could conclude that Lindsey had in fact been convicted for trespassing on this specific property before.

Conclusion

Sufficient evidence was offered to prove that Brown was an agent of White Castle, and that Lindsey had been convicted of trespass at the 16th Street White Castle previously. Therefore, the trial court was correct in entering a judgment of conviction against Lindsey for trespass as a Class D felony.

Affirmed.

BAKER, J., and BRADFORD, J., concur.