Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 12 2013, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| E.W., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1211-JV-918 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Scott Stowers, Magistrate
Cause No. 49D09-1208-JD-2244

June 12, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

E.W. appeals his adjudication as a delinquent child for committing acts that would constitute Criminal Trespass,[1] a class A misdemeanor, if committed by an adult. E.W. presents a single issue for review: was there sufficient evidence to support the true finding of criminal trespass?

We affirm.

The facts favorable to the adjudication are that on August 20, 2012, Officer Julian Wilkerson, an off-duty police officer providing security for Carriage House West Apartments (Carriage House), identified E.W., checked him for outstanding warrants, and entered his name in the Indianapolis Metropolitan Police Department (IMPD) Computer Automated Dispatch (CAD) and trespass list. Kathy Young, the manager of Carriage House and Officer Wilkerson's employer, then placed E.W. on the Carriage House trespass list after Officer Wilkerson informed her that a group of kids, including seventeen-year-old E.W., was found loitering in the hallway. Officer Wilkerson was responsible for maintaining a trespass list, with Young's discretion, and completing other contractual duties that Young and Wilkerson agreed to.

On August 21, 2012, Young informed Officer Wilkerson of E.W.'s presence, once again, at Carriage House. Officer Wilkerson approached and identified E.W., placed him in handcuffs, and informed E.W. that he was being arrested for trespass.

The State filed a petition in juvenile court alleging that E.W. committed an act that

---

[1] Ind. Code Ann. § 35-43-2-2 (West, Westlaw current through P.L. 171 with effective dates through May 7, 2013).

would constitute the crime of criminal trespass, a class A misdemeanor, if committed by an adult. The juvenile court entered a true finding that E.W. committed the act alleged. Also, at the dispositional hearing, the juvenile court adopted the pre-dispositional report's findings and accepted the probation department's recommendation of disposition. The juvenile court awarded wardship of E.W. to the Department of Correction, suspended the wardship, and placed E.W. on probation with special conditions.

E.W. contends the evidence is insufficient to show that the arresting officer was acting as an agent of the apartment complex. In a juvenile case, the State must prove every element of an offense beyond a reasonable doubt. *S.D. v. State*, 847 N.E.2d 255 (Ind. Ct. App. 2006), *trans. denied*. Upon review, we will not reweigh the evidence, judge the witnesses' credibility, or resolve conflicts in testimony. *Id*. Instead, we review the evidence and the reasonable inferences to be drawn from that evidence to support a true finding. *Id*. We will affirm a true finding if there is probative evidence from which the fact-finder could conclude the allegations are true beyond a reasonable doubt. *Id*.

E.W. was found delinquent based on a true finding that he committed acts that would constitute the offense of criminal trespass, a class A misdemeanor if committed by an adult. I.C. § 35-43-2-2 states, "A person who: not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having being denied entry by the other person or that person's agent . . . commits criminal trespass, a class A misdemeanor."

E.W. argues that Officer Wilkerson was not acting as an agent of the apartment

3

complex on Aug. 20, but instead, he was acting in his capacity as an officer of the IMPD. Therefore, Officer Wilkerson was not an agent of the apartment complex or its management, so he could not legally deny E.W. entry.

"To establish an actual agency relationship, three elements must be shown: (1) a manifestation of consent by the principal to the agent, (2) an acceptance of the authority by the agent, and (3) control exerted by the principal over the agent." *Glispie v. State,* 955 N.E.2d 819, 822 (Ind. Ct. App. 2011).

E.W. does not dispute that the first and second elements of the agency requirement are met, but he contends Carriage House failed to exert adequate control over Officer Wilkerson. Therefore, the argument goes, the agency relationship was not properly established, which resulted in an improper finding of trespass by E.W.

To the contrary, the aforementioned facts suggest that on Aug. 20, Officer Wilkerson consulted with Young about placing E.W. on the trespass list and kept her apprised of the details concerning E.W.'s presence on the property. In *Glispie*, the officer testified that his agency status was created by his declaration alone, but the court explained that more is required. *Id*. at 822. By analogizing the relationship in our case to that in *Glipsie*, it is clear that Young did exercise a sufficient amount of control over Officer Wilkerson and his actions concerning E.W.

Considering these facts, it is clear that Officer Wilkerson's actions were subject to Young's authority and control and he was acting as an agent of Carriage House at all relevant times in this case.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.