**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 05 2013, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KEIMONTE JACKSON,          )
                          )
   Appellant-Defendant,   )
                          )
      vs.        )   No. 49A02-1304-CR-339
                          )
STATE OF INDIANA,          )
                          )
   Appellee-Plaintiff.    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Master Commissioner
Cause No. 49G16-1211-FD-76359

December 5, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Keimonte Jackson appeals his conviction of criminal trespass, raising the following issue: whether the evidence was sufficient to prove the police officer who denied Jackson access to the property was an agent of the property owner. Concluding the evidence presented at trial was sufficient to sustain Jackson's conviction, we affirm.

Facts and Procedural History

On the evening of August 5, 2012, Officer Michael Hart of the Speedway Police Department was on patrol in the area of Coppertree Apartments ("Coppertree"). Officer Hart was dispatched to Coppertree, where he encountered Jackson. Learning that Jackson had no contractual interest in the property, Officer Hart served Jackson with a written trespass notice in accordance with the policy of the Speedway Police Department.

Gregory Randolph, who is the Community Manager at Coppertree, oversees the overall operations of the community. Randolph testified that Coppertree has an agreement with the Speedway Police Department which allows it to act as Coppertree's agent; however, Randolph admitted to never having read the actual written contract between the two entities. Randolph also testified that the trespass notice served on Jackson by Officer Hart was a standard trespass notice. It is common practice for a trespass notice issued on behalf of Coppertree to be submitted to it for review, and if Coppertree accepts the trespass notice, it will be placed in a binder at the apartment complex. The trespass notice issued against Jackson was submitted to Coppertree by the Speedway Police Department, and Coppertree approved it.

On November 7, 2012, Officer Michael Clupper of the Speedway Police Department responded to a domestic disturbance call at Coppertree and encountered Jackson. Officer Clupper ran Jackson's name against a trespass list kept by the Speedway Police Department and discovered that Jackson had previously been issued a trespass notice at Coppertree.

Jackson was charged with criminal trespass, a Class A misdemeanor, and was found guilty following a bench trial. Jackson was sentenced to 164 days suspended to probation and was required to complete twenty-four hours of community service. This appeal followed.

Discussion and Decision

## I. Standard of Review

When reviewing a defendant's claim of insufficient evidence, the reviewing court will neither reweigh the evidence nor judge the credibility of the witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict. Id. And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

## II. Criminal Trespass and Agency

A person commits criminal trespass if, without having a contractual interest in the property, he "knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent." Ind. Code § 35-43-2-2(a)(1). Jackson maintains that his conviction cannot stand because the evidence was insufficient to show that Officer Hart, who served a trespass notice on Jackson, was an agent of Coppertree.

An agency relationship is created when one person gives another person authority to act on his behalf. Glispie v. State, 955 N.E.2d 819, 822 (Ind. Ct. App. 2011).

> Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former. To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent. These elements may be proven by circumstantial evidence, and there is no requirement that the agent's authority to act be in writing.

Id. (citations and quotation marks omitted).

3

Here, there is sufficient evidence to prove the existence of an actual agency relationship. Randolph, acting as a representative of Coppertree, testified that Coppertree had an agreement with the Speedway Police Department through which the police would issue trespass notices on its behalf. Indeed, it is common practice for Speedway police officers to issue these trespass notices and for Coppertree to keep a record of any notices issued on its behalf. Second, there was evidence showing that the Speedway Police Department and its officers have assented to act as an agent of Coppertree, as police officers do, in fact, issue trespass notices and submit those notices to Coppertree for approval based on established police department policy. And finally, Coppertree exerts control over the Speedway Police Department in regard to this relationship, evidenced by the fact that Coppertree asks that the Speedway Police Department submit copies of the notices for Coppertree's approval.

## Conclusion

Concluding there was sufficient evidence to prove there was an agency relationship between Coppertree and the Speedway police officer who issued the trespass notice against Jackson, we affirm.

Affirmed.

RILEY, J., and KIRSCH, J., concur.

4