**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 27 2014, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| M.M., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1307-JV-367 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable, Marilyn A. Moores, Judge
The Honorable Scott Stowers, Magistrate
Cause No. 49D09-1303-JD-688

**February 27, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

M.M. appeals his adjudication as a delinquent child for an act that, if committed by an adult, would constitute Class A misdemeanor criminal mischief. We affirm.

**Issue**

M.M. raises one issue, which we restate as whether the evidence is sufficient to sustain his adjudication.

**Facts**

Sergeant Donald Asbury worked as a police officer for the Southport Police Department and a "courtesy officer" for Berkley Commons Apartments. Tr. p. 10. As a courtesy officer, Sergeant Asbury handled tenant disputes, trespassing issues, warrant sweeps, noise complaints, and similar problems at the apartment complex. Sergeant Asbury is compensated with a free townhouse.

On March 8, 2013, Sergeant Asbury was at home on his patio when he saw M.M. and another juvenile walking on the sidewalk. M.M. and the other juvenile stopped and spray painted the sidewalk. The boys then tossed the cans aside and continued walking. Sergeant Asbury went inside, got his badge, radio, and gun, and started driving around the complex. He found M.M. and the other juvenile nearby. Berkley Commons Apartments does not allow spray paint markings to be made on its property.

The State alleged that M.M. committed an act that would be Class A misdemeanor criminal mischief if committed by an adult. At the hearing, M.M. filed a motion for involuntary dismissal under Indiana Trial Rule 41(B), arguing that Sergeant Asbury was not an agent of the apartment complex and that the State failed to prove the consent

requirement under the criminal mischief statute. The juvenile court denied M.M.'s motion and entered a true finding. M.M. now appeals.

## Analysis

M.M. argues that the evidence is insufficient to sustain his adjudication. When the State seeks to have a juvenile adjudicated to be a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. J.S. v. State, 843 N.E.2d 1013, 1016 (Ind. Ct. App. 2006), trans. denied. Upon review of a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment. Id. We will neither reweigh the evidence nor judge witness credibility. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the adjudication. Id.

Indiana Code Section 35-43-1-2 governs the offense of criminal mischief and provides: "A person who . . . recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent . . . commits criminal mischief . . . ." The offense is a Class A misdemeanor if "the property damage or defacement was caused by paint or other markings." Ind. Code § 35-43-1-2(a)(A)(vii). M.M. argues that the State failed to prove the element of consent because, according to M.M., the State failed to prove that Sergeant Asbury was an agent of the apartment complex.

In support of this argument, M.M. relies on Glispie v. State, 955 N.E.2d 819 (Ind. Ct. App. 2011). However, Glispie is distinguishable. In Glispie, the defendant was

3

found guilty of Class A misdemeanor criminal trespass, which required proof that the defendant, without having a contractual interest in the property, knowingly or intentionally entered real property belonging to the business after having been denied entry by the business or its agent. The State argued that the police officer had previously denied the defendant entry to the business and that the police officer was acting as the business's agent. On appeal, we concluded that the State failed to prove the agency relationship between the officer and the business. Consequently, the evidence was insufficient to sustain the conviction.

Here, however, an agency relationship is not an element of the offense. M.M. seeks to equate "consent" with an agency relationship, but that argument is unpersuasive. The State properly notes that it "was not required to show an agency relationship to prove that Berkley Commons did not consent to M.M. spray painting its sidewalk." Appellee's Br. p. 4. The State demonstrated that Sergeant Asbury, who was a courtesy officer for the apartment complex, saw M.M. and another juvenile spray paint the apartment complex's sidewalk. Sergeant Asbury, who had worked as a courtesy officer for two years, testified that the apartment complex did not allow the spray painting of its property. This evidence is sufficient to sustain M.M.'s adjudication for an act that would be Class A misdemeanor criminal mischief if committed by an adult.

### Conclusion

The evidence is sufficient to sustain the adjudication. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur