**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD EDWARDS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1403-CR-195 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
The Honorable Christina Klineman, Master Commissioner
Cause No. 49F10-1208-CM-54399

**December 8, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Richard Edwards appeals his conviction for Class A misdemeanor criminal trespass. We affirm.

## Issue

Edwards raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

## Facts

Officer Daniel Disney with the Indianapolis Metropolitan Police Department routinely patrols an area that includes Laurelwood Apartments, which is public housing governed by the Indianapolis Housing Authority ("Housing Authority"). Every year, Officer Disney "sign[s] a contract" to be an agent of the Housing Authority. Tr. pp. 10, 14, 15. As an agent of the Housing Authority, Officer Disney has the authority to tell people not to come onto the property.

On August 6, 2012, Officer Disney was dispatched to a disturbance at the Laurelwood Apartments. Officer Disney discovered Edwards at his mother's apartment. Officer Disney told Edwards that he was trespassing and gave him an official Housing Authority trespass form, which Edwards signed and acknowledged. The next day, Officer Disney received another report from the apartment management that Edwards was at Laurelwood Apartments. Officer Disney located Edwards on the property and arrested him.

The State charged Edwards with Class A misdemeanor criminal trespass. At a bench trial, Edwards argued that the State had failed to prove Officer Disney had an agency

2

relationship with the Housing Authority. The trial court found Edwards guilty as charged. Edwards now appeals.

**Analysis**

Edwards argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

At the time of Edwards's offense, Indiana Code Section 35-43-2-2(a)(1) provided that a person who "not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent" commits Class A misdemeanor criminal trespass.[1] A person may be "denied entry" by means of oral or written personal communication. Ind. Code § 35-43-2-2(b)(1). According to Edwards, the State failed to demonstrate that Officer Disney was an agent of the Housing Authority. Relying on Glispie v. State, 955 N.E.2d 819 (Ind. Ct. App. 2011), Edwards contends that no documentation showed an agency relationship, that no

---

[1] Indiana Code Section 35-43-2-2 was subsequently amended by Pub. L. 203-2013, § 25 (eff. July 1, 2013); Pub. L. 158-2013, § 462 (eff. July 1, 2014); and, Pub. L. 21-2014, § 3 (eff. July 1, 2014).

representative of the Housing Authority testified that an agency relationship existed, and that an agency relationship cannot be proven by the testimony alone of the purported agent.

When one person gives another person authority to act on his behalf, an agency relationship is created. Glispie, 955 N.E.2d at 822. "'Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former.'" Id. (quoting Demming v. Underwood, 943 N.E.2d 878, 883 (Ind. Ct. App. 2011), trans. denied). There are two types of agency relationships—actual authority and apparent authority. Gallant Ins. Co. v. Isaac, 751 N.E.2d 672, 675 (Ind. 2001).

To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent. Glispie, 955 N.E.2d at 822. These elements may be proven by circumstantial evidence, and there is no requirement that the agent's authority to act be in writing. Id. "An apparent agency 'is also created by a manifestation of the principal. However, the required manifestation is one made by the principal to a third party who in turn is instilled with a reasonable belief that another individual is an agent of the principal.'" Id. (quoting Hope Lutheran Church v. Chellew, 460 N.E.2d 1244, 1248 (Ind. Ct. App. 1984)). "It is a well-established rule that agency cannot be proven by the declaration of the agent alone." Id. One who asserts that there was an agency relationship has the burden of proving its existence. Id.

In Glispie, the defendant was charged with criminal trespass. The officer testified that he had previously given the defendant oral and written warnings not to enter the business's

property. However, the officer again found the defendant on the business's property and arrested him. There was no indication that the business reported the alleged trespass. The only evidence presented at the trial of the officer's status as the business's agent was his own testimony that he "could act as an agent of the property." Id. During the State's direct examination of the officer, an email from the business to the officer's supervisor asking the officer to serve as "agent of the property" was mentioned. Id. at 822 n.2. However, that evidence was excluded based on a hearsay objection. Consequently, the only evidence of the officer's status as an agent was his brief, conclusory testimony. We held that "[m]ore is required." Id. at 822.

Although the State was required to show all three elements—a manifestation of consent by the principal, acceptance of authority by the agent, and control exerted by the principal over the agent—in order to establish an agency relationship, we concluded that there was no evidence in the record regarding the business's manifestation of consent or the business's control over the officer as its agent. Id. Thus, the evidence did not show the existence of an actual agency relationship. Id. Moreover, there was no evidence that the business ever communicated directly with the defendant to manifest its consent to that agency relationship. Id. at 823. We also concluded that the evidence was insufficient to show that the officer was the business's apparent agent. Id. "[A]n officer, if neither an owner nor an agent of the owner, cannot create a trespass violation by denying a person entry to private property and later discovering that person again on the property." Id.

5

We conclude that this case is distinguishable from <u>Glispie</u>. The State here presented more than the officer's conclusory testimony that he could act as the property owner's agent. The State presented evidence that Officer Disney annually "sign[s] a contract" to be an agent of the Indianapolis Housing Authority. Tr. pp. 10, 14, 15. As an agent of the Housing Authority, Officer Disney had the authority to tell people not to come onto the Laurelwood Apartments' property. <u>Glispie</u> specifically held that an agency relationship may be proven by circumstantial evidence and is not required to be in writing. <u>Glispie</u>, 955 N.E.2d at 822. As a result, the State was not required to introduce the actual contract signed by Officer Disney and the Housing Authority.

The State presented evidence that the Housing Authority entered into an annual agency contract with Officer Disney and the other officers that patrol the area of Laurelwood Apartments, that the Housing Authority named Officer Disney as an agent, and that the management contacted Officer Disney regarding Edwards's trespass. We conclude that this evidence is sufficient to demonstrate a manifestation of consent by the Housing Authority, an acceptance of authority by Officer Disney, and control exerted by the Housing Authority over Officer Disney. Thus, the State demonstrated that Officer Disney had actual authority. Edwards's argument to the contrary is merely a request that we reweigh the evidence, which we cannot do. The evidence is sufficient to sustain Edwards's conviction for trespass.

**Conclusion**

The evidence is sufficient to sustain Edwards's conviction. We affirm.

6

Affirmed.

BRADFORD, J., and BROWN, J., concur.