## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2018, 7:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy E. Stucky
Stucky, Lauer & Young, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyreoun D. Guy, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 31, 2018 <br><br> Court of Appeals Case No. 18A-CR-1558 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable David M. Zent, Magistrate <br><br> Trial Court Cause No. 02D05-1803-CM-1157 |

**Mathias, Judge.**

[1] Tyreoun Guy ("Guy") was convicted in Allen Superior Court of Class A misdemeanor trespass. Guy appeals and argues that the evidence is insufficient to support his conviction.

[2] We affirm.

## Facts and Procedural History

[3] On March 13, 2018, Guy was present for a hearing in a courtroom at the Bud Meeks Justice Center in Fort Wayne, Indiana. Guy was not a party to a case but was there to provide moral support for a friend. Guy was seated in the courtroom's gallery.

[4] Robert Rinearson ("Rinearson"), a bailiff with the Allen County Sheriff's Department, brought inmates into the courtroom from holding cells. As Rinearson was seating the inmates in the courtroom, he heard an individual in the gallery, later identified as Guy, speaking in a loud voice. Guy also had his hands raised. Guy, and the other individuals in the gallery, had been instructed not to speak to any of the inmates or amongst themselves.

[5] Rinearson told Guy he had to leave the courtroom. Guy continued to stand and make gestures with his hands apparently to communicate with one of the inmates who was seated in the courtroom. Rinearson and another bailiff repeated their command to Guy to leave the courtroom.

[6] Guy continued to speak but did start to walk out of the courtroom after he was told to leave a second time. Rinearson followed him out of the courtroom. Guy

hit the courtroom doors with a significant amount of force, which caused the second set of doors to bang against the wall. Rinearson told Guy to "knock it off." Tr. p. 26. Rinearson then repeated his command to Guy to exit the courthouse, and Guy began to argue with him. Guy insisted that he had not done anything wrong.

[7] Guy was walking toward the building's exit, when he stopped, turned toward Rinearson, and stated that he was not leaving the courthouse. Tr. pp. 29–30. Guy took one or two steps toward Rinearson, which was also in the direction of the courtroom he had exited. At that point, Rinearson told Guy he was under arrest and placed him in handcuffs with the assistance of two other law enforcement officers.[1] Although Rinearson was not wearing a uniform and never identified himself as a security officer for the court, he was wearing a highly visible identification badge and a gun holster.

[8] On March 14, 2018, the State charged Guy with Class A misdemeanor resisting law enforcement, Class A misdemeanor trespass, and Class B misdemeanor disorderly conduct. A bench trial was held on June 4, 2018. Guy was acquitted of resisting law enforcement and disorderly conduct but found guilty of trespass. The trial court ordered Guy to serve 365 days in the Allen County Jail with 185 days suspended. Guy now appeals.

---

[1] Guy refused to place his hands behind his back. His hands and arms were forcefully moved from his front to his back by two assisting officers.

# Standard of Review

[9] Guy argues that the evidence is insufficient to sustain his trespass conviction. When we review a claim of insufficient evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Jackson v. State*, 50 N.E.3d 767, 770 (Ind. 2016). It is the fact-finder's role, not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We will affirm the conviction unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Drane v. State*, 867 N.E.2d 144, 146–47 (Ind. 2007).

# Discussion and Decision

[10] To convict Guy of Class A misdemeanor criminal trespass, the State was required to prove that he knowingly or intentionally refused to leave the Bud Meeks Justice Center after he was asked to leave by Rinearson, and that Guy did not have a contractual interest in the property. *See* Appellant's App. p. 14; Ind. Code § 35-43-2-2(b)(2) ("A person who . . . not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent . . . commits criminal trespass, a Class A misdemeanor."). Guy argues that the State failed to prove that he refused to leave the property, and that he knew, or should have known, that Rinearson

was a "law enforcement officer or an authorized agent of the court with the authority to instruct him to leave the premises." Appellant's Br. at 9.

[11]   Guy initially refused to leave the courtroom after he was ordered to do so. Rinearson told him to leave the courtroom a second time, and Guy did walk out of the courtroom after the second command. Because Guy was creating a disturbance, Rinearson told Guy to exit the courthouse. Guy argued with Rinearson and insisted that he had not done anything wrong. Guy began to walk toward the building's exit, but then stopped, turned toward Rinearson, and stated that he was not leaving the courthouse. Tr. pp. 29–30. Guy then took one or two steps toward the courtroom he had previously exited. This evidence is sufficient to prove that Guy knowingly or intentionally refused to leave the Bud Meeks Justice Center after he was ordered to do so.

[12]   Guy also knew or should have known that Rinearson was a court security officer who had authority to order him to leave the premises.[2] Rinearson is a part-time bailiff for the Allen County Sheriff's Department. Rinearson's job duties include giving orders and instructions in the courtroom, and he has the

---

[2] An agency relationship exists when one person gives another person authority to act on his or her behalf. *Glispie v. State*, 955 N.E.2d 819, 822 (Ind. Ct. App. 2011).

> "Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former." To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent. These elements may be proven by circumstantial evidence, and there is no requirement that the agent's authority to act be in writing.

*Id.* (*quoting Demming v. Underwood*, 943 N.E.2d 878, 883 (Ind. Ct. App. 2011), *trans. denied*).

power to make arrests. Rinearson was not wearing a uniform on the date at issue, but he was wearing a highly visible identification badge and a gun holster. He was also responsible for transporting inmates to the courtroom and supervising inmates while they were seated in the jury box, duties that Guy had observed earlier that morning. Moreover, a uniformed police officer at the courthouse also told Guy to leave the building or he would be arrested. Tr. p. 54.

[13] For all of these reasons, we conclude that the State proved beyond a reasonable doubt that Guy committed Class A misdemeanor criminal trespass, and his conviction is affirmed.

[14] Affirmed.

Bailey, J., and Bradford, J., concur.