Robin LOVITT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 73A05–0904–CR–229.

Court of Appeals of Indiana.

Nov. 4, 2009.

Andrew J. Baldwin, Baldwin Adams Knierim & Kamish, Franklin, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Robin Lovitt ("Lovitt") was convicted in Shelby Superior Court of Class D felony maintaining a common nuisance, Class A misdemeanor possession of marijuana, Class A misdemeanor possession of paraphernalia, and Class C misdemeanor operating a vehicle while intoxicated. Lovitt raises three issues, but we address only the following two:

I. Whether the trial court abused its discretion when it excluded the testimony of Lovitt's witness; and,

II. Whether the evidence is insufficient to support Lovitt's Class D felony maintaining a common nuisance conviction.

Concluding that the trial court acted within its discretion when it excluded the testimony of Lovitt's witness, but that his Class D felony maintaining a common nuisance conviction is not supported by the

evidence,[1] we affirm in part, reverse in part and remand.

### Facts and Procedural History

On November 3, 2007, Officer Bart Smith of the Shelbyville Police Department ("Officer Smith") observed a vehicle driven by Lovitt twice cross the centerline of a roadway. Lovitt also failed to use his turn signal while making a left turn. The officer initiated a traffic stop, and when Officer Smith approached Lovitt, he smelled the odor of alcoholic beverage on Lovitt's breath. Lovitt's speech was slurred and his eyes were bloodshot. When asked, Lovitt admitted that he had a "few drinks with dinner." Tr. p. 66.

Lovitt was asked to exit the vehicle so the officer could perform field sobriety tests. He was also patted down for officer safety. During the pat-down search, Lovitt admitted that he had marijuana in his pocket. Tr. p. 68. Lovitt also had a pipe used for smoking marijuana. The officer then administered the field sobriety tests. Although Lovitt passed the nystagmus test, he failed the one-leg stand and the walk and turn tests. Lovitt also consented to a blood draw, which established that Lovitt's blood alcohol level was .07 and he tested positive for a metabolite of marijuana.

The State charged Lovitt with Class D felony maintaining a common nuisance, Class A misdemeanor possession of marijuana, Class A misdemeanor operating a vehicle while intoxicated, Class A misdemeanor possession of paraphernalia, Class C misdemeanor operating a vehicle with a controlled substance in the person's body, and Class C misdemeanor operating while intoxicated. A jury trial commenced on October 14, 2008.

Patricia Newbold ("Newbold"), Lovitt's girlfriend, was a passenger in Lovitt's vehicle during the November 3, 2007 traffic stop. At trial, both Lovitt and Newbold testified that Officer Smith initiated the traffic stop immediately after Lovitt passed the officer's vehicle, and the officer could not have observed any erratic driving behavior or traffic violations. Tr. pp. 138, 170. Over the State's objection, Lovitt offered the testimony of Lois Crouch ("Crouch"), who would have testified that Newbold told her that Officer Smith pulled Lovitt's vehicle over immediately after Lovitt passed the officer. The trial court excluded the testimony. Tr. pp. 216–19, 221.

The jury found Lovitt not guilty of Class A misdemeanor operating a vehicle while intoxicated, but found Lovitt guilty of the remaining charges. Lovitt was sentenced on November 19, 2008. At sentencing, the trial court found that the Class C misdemeanor operating a vehicle with a controlled substance in the person's body merged with Class C misdemeanor operating a vehicle while intoxicated. The trial court then sentenced Lovitt to concurrent terms of two years suspended for Class D felony maintaining a common nuisance, one year suspended except for ninety days for Class A misdemeanor possession of marijuana, one year suspended except for ninety days for Class A misdemeanor possession of paraphernalia, and sixty days for Class C misdemeanor operating a vehicle while intoxicated.

On December 19, 2008, Lovitt filed a motion to correct error, which was denied. Lovitt now appeals. Additional facts will be provided as necessary.

---

1. Because we reverse Lovitt's maintaining a common nuisance conviction, we do not address Lovitt's argument that his convictions for maintaining a common nuisance and possession of marijuana violate the Indiana Constitution's prohibition against double jeopardy.

## I. Exclusion of Crouch's Testimony

 Lovitt argues that the trial court abused its discretion when it excluded Crouch's testimony at trial. We will afford a trial court's decision to exclude evidence great deference on appeal, and will reverse only for a manifest abuse of discretion that denies the defendant a fair trial. *Bryant v. State,* 802 N.E.2d 486 (Ind.Ct.App.2004), *trans. denied.* An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the trial court. *State v. Hunter,* 898 N.E.2d 455, 458 (Ind.Ct.App.2008).

Lovitt offered Crouch's testimony to bolster Newbold's testimony concerning the events that led to Lovitt's arrest. Relying on Indiana Rule of Evidence 801(d)(1)(B), Lovitt claims that "[n]ot allowing Crouch's testimony bolstered the State's case, leading the jury to believe [Officer] Smith over Newbold, and caused prejudice to Lovitt." Appellant's Br. at 14.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). However, a statement is not hearsay if it meets the requirements of Indiana Evidence Rule 801(d). *Stephenson v. State,* 742 N.E.2d 463, 473 (Ind.2001). Specifically, Rule 801(d)(1)(B) provides that a statement

> is not hearsay if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarant's testimony, offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, and made before the motive to fabricate arose[.]

Thus, this rule "encompasses efforts to rebut an express or implied charge of improper motive" as well as "a charge of recent fabrication." *Stephenson,* 742 N.E.2d at 474.

Newbold testified at trial and was subject to cross-examination. Crouch's proffered testimony was also consistent with Newbold's. During the offer to prove, Crouch stated that she spoke to Newbold shortly after Lovitt was arrested, and that Officer Smith pulled Lovitt's vehicle over in the same manner as described by Lovitt and Newbold. Tr. p. 217. Therefore, we must consider whether Crouch's testimony was offered "to rebut an express or implied charge against [Newbold] of recent fabrication or improper influence or motive, and made before the motive to fabricate arose." *See* Evid.R. 801(d)(1)(B).

 Newbold testified that on the date of Lovitt's arrest, she had recently begun dating Lovitt and had known him for twenty-nine years. In the hours leading up to Lovitt's arrest, Newbold testified that she had four "Jim Beam and Diet Coke[s]." Tr. p. 154. Newbold was also asked to take a portable breathalyzer on the scene and the result was a blood alcohol level of .07. Tr. p. 155. During cross examination, the State challenged Newbold's ability to remember the events of November 3, 2007, because of her consumption of alcohol and the amount of time that had passed between that date and the date of trial. *See* tr. pp. 149–66. The State did not imply that Newbold fabricated her testimony, only that she might not recall the events accurately due to her consumption of alcohol. Challenging a witness's recall of events due to faulty memory is not necessarily an "implied charge of recent fabrication" under Evidence Rule 801(d)(1)(B). *See Thomas v. State,* 749 N.E.2d 1231, 1233–34 (Ind.Ct.App.2001).

 Even if we were to conclude that the State implied that Newbold fabricated

her testimony, her statement to Crouch must have been made before the motive to fabricate arose. "In situations where there is no evidence tending to implicate the declarant in the crime, the question of when the motive to fabricate arose is a sufficiently fact-sensitive inquiry ... that we will defer to the trial court's decision whether or not to admit the statement." *Bassett v. State*, 895 N.E.2d 1201, 1211–12 (Ind.2008) (citing *Stephenson*, 742 N.E.2d at 475). Given Newbold's personal relationship with Lovitt, Newbold's motive to fabricate arose before she spoke with Crouch about the events leading to Lovitt's arrest. *See Farris v. State*, 732 N.E.2d 230, 233–34 (Ind.Ct.App.2000). For all of these reasons, we conclude that the trial court acted within its discretion when it excluded Crouch's testimony.

Finally, if there was any error in the exclusion of Crouch's testimony, such error was harmless. "We will find an error in the exclusion of evidence harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the defendant's substantial rights." *Brand v. State*, 766 N.E.2d 772, 782 (Ind.Ct.App.2002), *trans. denied.*

Both Newbold and Lovitt gave consistent testimony concerning their version of events. Lovitt relied on a defense of jury nullification, and Lovitt desired to use Crouch's testimony to bolster Newbold's testimony that Officer Smith lied about his reasons for stopping Lovitt.

We cannot conclude that it is likely that Crouch's testimony would have led the jury to find Lovitt's and Newbold's version of events credible. Furthermore, Lovitt admits that he cannot deny "that because of the damaging statements that Lovitt chose to make against himself, that many of the counts would result in a guilty finding." Appellant's Br. at 13. Even if the

jury believed Lovitt and Newbold, the evidence was still sufficient to convict Lovitt of possession of marijuana, possession of paraphernalia, and operating while intoxicated. Therefore, any error in the exclusion of Crouch's testimony was harmless.

## II. Sufficient Evidence

■ Lovitt also argues that the evidence is insufficient to establish that he committed Class D felony maintaining a common nuisance. When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the verdict and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

To convict Lovitt of Class D felony maintaining a common nuisance, the State was required to prove that Lovitt knowingly or intentionally maintained a vehicle that was used by Lovitt for unlawfully manufacturing, *keeping*, offering for sale, selling, delivering, or financing the delivery of a controlled substance. Ind.Code § 35–48–4–13(b) (2004); Appellant's App. p. 20.

■ Both Lovitt and the State agree that our resolution of this issue turns on our interpretation of the statute, and more specifically, the meaning of the term "keeping" as it is used in section 35–48–4–13(b).

Statutes that are criminal or penal in nature must be strictly construed. Although an act may fall within the spirit of the statute, it will not constitute a crime unless it is also within the words of the statute. Also, criminal statutes

may not be enlarged by construction, implication, or intendment beyond the fair meaning of the words used. Words and phrases are thought to have their plain, ordinary, and usual meaning unless a different meaning is shown by the statute.

*Hook v. State,* 775 N.E.2d 1125, 1127 (Ind. Ct.App.2002), *trans. denied* (internal citations omitted).

The State argues that it proved that Lovitt "maintained a common nuisance by using his vehicle to keep marijuana." Appellee's Br. at. 6. "It is inconsequential that the contraband was in [Lovitt's] pocket during the transportation. The surrounding circumstances and reasonable inferences indicate that [Lovitt] maintained a common nuisance." *Id.* at 8.

The word "keep" is defined as "to take in, receive, contain, hold." Oxford English Dictionary (2nd ed.1989). "To retain possession of. To store; put customarily[.]" American Heritage Dictionary (1978). In its brief, the State provides the following definition: "to cause to remain in a given place, situation, or condition." Appellee's Br. at 7 (citing Webster's Third New International Dictionary (unabr. ed.1993)).

The plain meaning of the word "keeping" in the context of the statute at issue implies that the controlled substance must be contained within the vehicle itself or that the vehicle is used to store the controlled substance for further manufacturing, sale, delivery or financing the delivery of that or another controlled substance. The evidence presented at trial established that Lovitt had marijuana in his pocket. The marijuana was located inside the vehicle only by virtue of the fact that Lovitt was driving the vehicle. Even under the State's definition, this evidence does not establish that Lovitt kept the marijuana in his vehicle.

■ However, the broader question is the intent of the statute as a whole. *Zan-*

*ders v. State,* 800 N.E.2d 942, 944 (Ind.Ct. App.2003). We believe that the statute is intended to apply to an offender who uses his or her vehicle to facilitate manufacture, sale, delivery or to finance the delivery of a controlled substance, not to an offender who has personal use quantities of controlled substance(s) on his or her person or even loose in the vehicle. To hold otherwise would make every drug arrest after a traffic stop subject to an additional charge of maintaining a common nuisance. We do not believe this to be the intent of our General Assembly.

For all of these reasons, we cannot conclude that the General Assembly meant the word "keeping" to be interpreted as broadly as the State suggests, particularly in light of our well-established standard of strictly construing criminal statutes. Accordingly, we conclude that the State failed to present evidence that Lovitt used his vehicle "for unlawfully ... keeping" marijuana. *See* I.C. § 35–48–4–13(b)(2)(B). We therefore reverse Lovitt's conviction for Class D felony maintaining a common nuisance.

### Conclusion

The trial court did not abuse its discretion when it excluded Crouch's testimony. However, the State failed to present sufficient evidence to convict Lovitt of Class D felony maintaining a common nuisance. Therefore, we reverse Lovitt's Class D felony maintaining a common nuisance conviction, and remand this case to the trial court with instructions to vacate that conviction.

Affirmed in part, reversed in part and remanded.

DARDEN, J., and ROBB, J., concur.