**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 26 2014, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL C. BORSCHEL**
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JONAH LONG, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A04-1308-CR-392 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1210-FA-73230

**March 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Jonah Long appeals his convictions of dealing in methamphetamine, a Class A felony, Ind. Code § 35-48-4-1.1 (2006), and resisting law enforcement, a Class A misdemeanor, Ind. Code § 35-44.1-3-1 (2012). We affirm.

## ISSUES

Long raises three issues, which we restate as:

I.    Whether the trial court erred in admitting evidence found during a warrantless search of his car.

II.   Whether the trial court abused its discretion in excluding evidence that someone else may have committed the crimes.

III.  Whether the evidence is sufficient to sustain his conviction for dealing in methamphetamine.

## FACTS AND PROCEDURAL HISTORY

On September 7, 2012, Indiana State Police Trooper Jeffrey Sego and several other officers conducted a narcotics investigation at a hotel in Indianapolis. Sego went to a room and knocked on the door. He knew that Long was registered as an occupant of the room. Kami Clemens opened the door. Clemens allowed Sego into the room, where he saw digital scales and glass pipes.

After speaking with Clemens, Sego advised the other officers to be on the lookout for Long, who was driving a silver Chrysler 300. Police officer Adam Buchta was stationed near the hotel in an unmarked car. He ran a license check on Long and learned that Long's license was suspended. Buchta also found a picture of Long, which he

2

shared with Indiana State Trooper Dean Wildauer. Wildauer was also stationed in an unmarked car, farther from the hotel than Buchta.

Later, Wildauer saw Long driving a silver Chrysler 300 toward the hotel. Long turned onto the street that accessed the hotel's parking lot, but he failed to use his turn signal. Wildauer informed Buchta of Long's failure to use his turn signal.

Buchta saw Long approach the hotel. He activated his car's lights to signal Long to stop. Long entered the hotel's parking lot, "slammed [the car] into park," and got out. Tr. p. 125. Long ran away, disregarding Buchta's commands to stop. He ran across a street and up a ramp to a nearby interstate highway. Buchta followed and watched Long run across the interstate, disrupting traffic. Long got away once he reached the other side.

Buchta returned to Long's car and took the keys out of the ignition. He also brought his canine to the Chrysler 300 and walked it around the car. The canine "alerted to the odor of a narcotic" coming from the car. *Id.* at 88.

Sego searched the 300 without a warrant. He found paperwork bearing Long's name. He also found luggage in the trunk, and when he searched the luggage he saw a blue can of Doritos. Sego discovered that the bottom of the can could be unscrewed, and inside the bottom of the can he found two clear plastic baggies containing a substance that was later identified as methamphetamine. There was a total of 11.6 grams of methamphetamine in the baggies. Wildauer testified that the quantity of methamphetamine Sego discovered is generally associated with a dealer rather than a user, because a user will consume methamphetamine as soon as he or she acquires it.

3

Later, Long talked with his acquaintance Tony Pedigo. Long told Pedigo he had to abandon his car at a hotel in Indianapolis because the police arrived. He further said he fled from the police by running across an interstate highway. Finally, Long told Pedigo he had left methamphetamine in the car.

The State charged Long with dealing in methamphetamine, possession of methamphetamine, and resisting law enforcement. Long waived his right to a jury trial and was tried to the bench. During the bench trial, Long moved to suppress the admission of any evidence discovered during the warrantless search of his car. The court denied the motion, heard further evidence, and determined that Long was guilty as charged. The court entered judgments of conviction for dealing in methamphetamine and resisting law enforcement, and sentenced Long accordingly. This appeal followed.

DISCUSSION AND DECISION

I. ADMISSION OF EVIDENCE FOUND IN THE CAR

Long argues the trial court erred by denying his motion to suppress all evidence discovered during Sego's search of his car. Although Long first challenged the admission of evidence through a motion to suppress, he now appeals following a completed trial. Thus, the issue is appropriately framed as whether the trial court erred in admitting the evidence at trial. *Sugg v. State*, 991 N.E.2d 601, 606 (Ind. Ct. App. 2013), *trans. denied.* In general, the admission and exclusion of evidence falls within the sound discretion of the trial court, and we review the admission of evidence only for abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic of the facts and circumstances. *Id.* However, where an alleged error also involves

4

claims of legal error, we review questions of law de novo. *Purvis v. State*, 829 N.E.2d 572, 578 (Ind. Ct. App. 2005), *trans. denied.*

Long asserts that the admission of the evidence found in his car violated his right to be free of unreasonable search and seizure under the Fourth Amendment to the United States Constitution and article 1, section 11 of the Indiana Constitution. We address each claim in turn.

The Fourth Amendment prohibits unreasonable searches and seizures. *Wilson v. State*, 966 N.E.2d 1259, 1263 (Ind. Ct. App. 2012), *trans. denied.* The protections of the Fourth Amendment have been extended to the states through the Fourteenth Amendment. *Id.* Evidence obtained in violation of a defendant's Fourth Amendment rights may not be introduced against him or her at trial. *Id.* A search or seizure may generally only be conducted pursuant to a lawful warrant. *Id.* Because warrantless searches are per se unreasonable, the State bears the burden of establishing that a warrantless search falls within one of the well-delineated exceptions to the warrant requirement. *Id.*

The State contends that the Fourth Amendment does not apply to Sego's search because Long abandoned his car.[1] Abandoned property is not subject to Fourth Amendment protection. *Id.* The key question is whether the defendant was entitled to and did have a reasonable expectation that the automobile would be free from government intrusion. *Id.* at 1264.

---

[1] Long argues the State has waived the abandonment issue because it did not raise abandonment during the hearing on Long's motion to suppress. We disagree. The trial court sua sponte raised the issue of abandonment and gave both parties a chance to address it. Thus, abandonment is not being raised for the first time on appeal, and we may consider it.

In this case, Buchta signaled for Long to stop. Long stopped his car, got out, and ran off, leaving it unlocked with the keys inside. He thus abandoned his unsecured car and relinquished any reasonable expectation of privacy in it. His Fourth Amendment claim must fail. *See id.* (the defendant abandoned his car, and thus had no Fourth Amendment claim, when he exited the car and ran off during a traffic stop).

Article 1, section 11 of the Indiana Constitution also guarantees an individual's right to be free from unreasonable searches and seizures. *Campbell v. State*, 841 N.E.2d 624, 627 (Ind. Ct. App. 2006). However, that provision does not protect abandoned property. *See id.* at 630 (Campbell's search and seizure claim under Indiana Constitution was without merit because he abandoned the firearm in question by throwing it under a car).

We conclude that Long abandoned his car for purposes of article 1, section 11. He got out of the car and left it unlocked with the keys still inside. Anyone could have gained access to the car if the officers had not secured it. Furthermore, Long ignored Buchta's commands to halt and fled the scene. His claim under the Indiana Constitution must fail, and the court did not err in admitting the results of the warrantless vehicle search into evidence. *See id.*

## II. EXCLUSION OF IDENTITY EVIDENCE

Long asserts the trial court should not have excluded evidence he offered to show that someone else was driving his car on the day in question. We afford a trial court's decision to exclude evidence great deference on appeal and will reverse only for an abuse of discretion. *Lovitt v. State*, 915 N.E.2d 1040, 1043 (Ind. Ct. App. 2009).

6

The State argues that the evidence in question was hearsay. Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Hearsay is not admissible unless it falls under one of the exceptions provided in the Indiana Rules of Evidence. Ind. Evidence Rule 802. Long asserts that his evidence about the identity of the purported driver was admissible because it was a statement against interest under Indiana Evidence Rule 804(b)(3). That rule provides that if a declarant is unavailable as a witness, the court may admit

> [a] statement that a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability.

To qualify under this hearsay exception, the statement against interest must be incriminating on its face. *Tolliver v. State*, 922 N.E.2d 1272, 1280 (Ind. Ct. App. 2010), *trans. denied*.

Long testified during his case-in-chief. He asserted that someone else drove his car on the day in question. During preliminary questioning by the State, Long conceded that his alleged knowledge of the purported driver's identity was based on what the purported driver had told him. The State objected to any further testimony on the purported driver's identity, claiming it was based on inadmissible hearsay. The court sustained the objection. Next, Long submitted an offer to prove, in which he provided the purported driver's name and submitted photographs of that person and of him for comparison. The State offered three photographs of the purported driver as part of the

7

offer to prove. At the close of the offer, the court stated with respect to the photographs, "I'm not looking at any of them." Tr. p. 182.

Long made no effort to establish that the purported driver was unavailable to testify, so Rule 804 did not permit the admission of Long's evidence. Furthermore, Long said the purported driver merely stated that he drove the car on the day in question. Long did not testify that the person told him he was driving the car at the time the police initiated the traffic stop, or that the person told him he fled from the police on foot, or that the person told him he was the owner of the methamphetamine. Without more, the mere statement that the person drove the car at some point on the day in question is not incriminating on its face. We also note that the purported driver made his statement to Long rather than to a disinterested witness, which undermines the statement's credibility. *See Bryant v. State*, 794 N.E.2d 1135, 1143 (Ind. Ct. App. 2003) (alleged confession was not statement against interest where statement did not match the circumstances of the crime at issue, was uncorroborated, and was made to the defendant), *trans. denied*. The court did not abuse its discretion in excluding Long's evidence on the identity of the purported driver.

### III. SUFFICIENCY OF THE EVIDENCE – DEALING IN METHAMPHETAMINE

Long challenges the sufficiency of the evidence to support his conviction for dealing in methamphetamine. He does not challenge the evidence sustaining his conviction for resisting law enforcement.

When reviewing a challenge to the sufficiency of the evidence underlying a conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the judgment. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

To obtain a conviction for Class A felony dealing in methamphetamine, the State is required to prove beyond a reasonable doubt that the defendant: (1) knowingly or intentionally (2) possessed with intent to deliver (3) methamphetamine (4) in an amount greater than three grams. Ind. Code § 35-48-4-1.1. Long argues the State failed to prove he had the intent to deliver the methamphetamine, so his conviction for dealing methamphetamine should be reduced to possession of methamphetamine.

Here, the police found 11.6 grams of methamphetamine in Long's car, an amount well above the three grams needed to establish an A felony conviction. Illegal possession of large quantities of narcotics does not create a presumption of intent to deliver but may support an inference of intent. *Crocker v. State*, 989 N.E.2d 812, 823 (Ind. Ct. App. 2013), *trans. denied*. Wildauer testified that possession of such a large quantity of methamphetamine is associated with dealing the drug because users consume it as soon as they purchase it. Furthermore, the methamphetamine was stored in small plastic baggies, which Wildauer testified was consistent with packaging for sale.

9

Long argues the evidence showed that he was a user, and he thus lacked the intent to deliver methamphetamine to others, because Sego found glass pipes in his hotel room. This argument is an impermissible request to reweigh the evidence, because the pipes could have belonged to Clemens. Furthermore, Sego also saw scales in the hotel room, which could reasonably indicate that Long was weighing methamphetamine for distribution to others.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

KIRSCH, J., and BROWN, J., concur.