## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 12 2020, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ontario M. Lowe,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 12, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2283<br><br>Appeal from the Vigo Superior<br>Court<br><br>The Honorable Sarah K. Mullican,<br>Judge<br><br>Trial Court Cause No.<br>84D03-1904-F2-1401 |

**Najam, Judge.**

## Statement of the Case

Ontario M. Lowe appeals his conviction for maintaining a common nuisance, as a Level 6 felony, following a jury trial. Lowe presents one dispositive issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We reverse.

## Facts and Procedural History

On April 11, 2019, Detective Daniel LaFave and Detective Brian Bourbeau with the Vigo County Drug Task Force observed Lowe driving a vehicle. Detectives LaFave and Bourbeau were familiar with Lowe, and they were aware that his driver's license had been suspended. Accordingly, the detectives, with the assistance of a patrol officer, conducted a traffic stop of Lowe's vehicle. Lowe, who was the only occupant of the vehicle, exited the vehicle and informed the officers that the vehicle he was driving belonged to his "baby mama" but that he drove it "regularly." Tr. at 77. Officers then conducted a pat down search of Lowe and found more than $200 in his pocket.

At that point, the officers searched Lowe's vehicle.[1] Upon searching the interior of the car, officers discovered "an open box of plastic bags," a digital scale that was "dirtied" with a crystal-like substance, and a plastic bag that

---

[1] Lowe was on probation for a prior offense when the officers conducted the traffic stop. As a condition of his probation, Lowe had signed a waiver of his Fourth Amendment rights. *See* Ex. at 13.

contained 0.15 gram of cocaine. *Id*. at 78. The officers then searched the trunk of the vehicle. There, officers found men's clothes and shoes. And officers found a plastic bag inside one of the shoes that contained 49.45 grams of methamphetamine.

[5] The State charged Lowe with dealing in methamphetamine, as a Level 2 felony (Count 1); possession of methamphetamine, as a Level 3 felony (Count 2); possession of cocaine, as a Level 6 felony (Count 3); maintaining a common nuisance, as a level 6 felony (Count 4); and operating a vehicle with a suspended license, as a Class A misdemeanor (Count 5). The State also alleged that Lowe was a habitual offender.

[6] The trial court held a bifurcated jury trial on July 30 and July 31, 2019, and the jury found Lowe guilty as charged at the conclusion of each phase. The court entered judgment of conviction accordingly. But due to double jeopardy concerns, the court vacated Lowe's conviction on Count 2. Following a sentencing hearing, the court sentenced Lowe to fifteen years on Count 1, which the court enhanced by ten years for the habitual offender adjudication; two years on Count 3; two years on Count 4; and one year on Count 5. The court then ordered the sentences to run concurrently, for an aggregate sentence of twenty-five years executed in the Department of Correction. This appeal ensued.

## Discussion and Decision

[7] Lowe asserts that the State failed to present sufficient evidence to support his

conviction for maintaining a common nuisance, as a Level 6 felony.[2] Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

*Love v. State*, 73 N.E.3d 693. 696 (Ind. 2017).

[8] In order to convict Lowe, the State was required to prove that he had knowingly or intentionally maintained a vehicle that was used to unlawfully use, manufacture, keep, offer for sale, sell, deliver, or finance the delivery of a controlled substance. Ind. Code § 35-45-1-5(a) (2019). "The word 'maintain' as used in that statute does not require that the defendant actually own the vehicle; rather, a defendant 'maintains' a vehicle when he exerts control over it." *Leatherman v. State*, 101 N.E.3d 879, 883 (Ind. Ct. App. 2018).

[9] This Court has previously stated that the legislature did not intend for the common-nuisance statute to apply to "an offender who had personal use quantities of controlled substance(s) on his or her person or even loose in the vehicle." *Lovitt v. State*, 915 N.E.2d 1040, 1045 (Ind. Ct. App. 2009)

---

[2] Lowe does not challenge the sufficiency of the evidence underlying his other convictions.

(alternation in original). Rather, this Court held that the statute is intended to apply to "an offender who uses his or her vehicle to facilitate manufacture, sale, delivery or to finance the delivery of a controlled substance[.]" *Id*. Here, the State proved that Lowe was dealing in methamphetamine, and Lowe does not challenge that conviction on appeal. Accordingly, we agree with the State that it "provided sufficient evidence that [Lowe] is just such an offender." Appellee's Br. at 9.

[10]    However, "to prove the nuisance was a 'common' nuisance, the State must provide evidence that the vehicle was used *on more than one occasion* for the unlawful delivery of a controlled substance." *Leatherman*, 101 N.E.3d at 883 (emphasis added). On appeal, the State contends that it presented sufficient evidence to support Lowe's conviction because Lowe "admitted to using the vehicle regularly, men's clothing and shoes were in the trunk, and drugs and paraphernalia were found in plain sight of the officers as well as the trunk." Appellee's Br. at 10. Accordingly, the State asserts that Lowe's "regular use of the vehicle and comfort with spreading the controlled substances and paraphernalia throughout the vehicle are indicative that he was using the vehicle on an ongoing basis to facilitate his dealing enterprise." *Id*. We cannot agree.

[11]    Here, the State presented evidence that Lowe "regularly" drove the vehicle, which demonstrates that he used the vehicle on more than one occasion. Tr. at 77. And the State presented evidence that, on April 11, officers found a large quantity of methamphetamine, cocaine, a scale, and plastic bags in both the

interior of the car and the trunk, which shows that Lowe used the vehicle on that particular occasion for an unlawful purpose. However, the State failed to present any evidence to support an inference that Lowe had used the vehicle for an unlawful purpose on any occasion other than April 11.

[12] Because the State failed to present evidence that Lowe used his vehicle on multiple occasions for the delivery of controlled substances, we must agree with Lowe that the State failed to present sufficient evidence to support his conviction for maintaining a common nuisance, as a Level 6 felony. We therefore reverse Lowe's conviction and corresponding two-year sentence on Count 4.[3]

[13] Reversed.

Vaidik, J., and Tavitas, J., concur.

---

[3] Because we reverse Lowe's conviction on Count 4, we need not address his argument that his conviction on that count violated the prohibition against double jeopardy.