**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

**SCOTT MILKEY**
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN L. REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRY BERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1307-CR-583 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly Brown, Judge
Cause No. 49F07-1210-CM-73382

**January 21, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Terry Berry was arrested after Marion County Sheriff's Department Deputy Craig Tegeler, who was employed as a part-time security guard at Keystone North Apartments (Keystone), found Berry in the basement of a Keystone building and discovered that Berry was on Keystone's trespass list. Berry now appeals his conviction for Criminal Trespass,[1] a class A Misdemeanor, arguing that there was insufficient evidence. More particularly, Berry contends that the State failed to provide sufficient evidence to prove that Deputy Tegeler had an agency relationship with Keystone and asserts that the State failed to prove beyond a reasonable doubt that Berry lacked a contractual interest in Keystone.

We find that a reasonable fact-finder could determine that the State proved all the elements of criminal trespass beyond a reasonable doubt and, therefore, affirm the decision of the trial court.

FACTS

On October 24, 2012, Deputy Tegeler, who works as a part-time security guard for Keystone, was patrolling the Keystone premises when he noticed Berry standing in the basement of a Keystone building. The two made eye contact, and Berry stepped outside of the building. Deputy Tegeler asked Berry to identify himself, and Berry provided a name. When Deputy Tegeler could not confirm this name, Berry admitted he had given a false name and provided his real name. He stated that he did not want the officers to get in trouble because he was on the trespass list. Deputy Tegeler then arrested Berry for

---

[1] Ind. Code. § 35-43-2-2.

2

refusing to identify and trespass. Afterwards, Deputy Tegeler learned that two other officers, Deputies Tiggs and Ellis, who also worked for Keystone as part-time security guards, had previously denied entry to Berry, whom they added to the trespass list. Berry was charged and convicted of criminal trespass as a class A misdemeanor.

Based on Deputy Tegeler's testimony, the trial court found Berry guilty as charged, and sentenced him to 365 days in the Marion County Jail with 359 days suspended and 6 days previously executed.

Berry appeals.

DISCUSSION AND DECISION

I. Standard of Review

When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the judgment. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witness nor do we reweigh the evidence. Id. We will affirm a conviction unless "no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt." Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000). The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001).

II. Contractual Interest

Berry argues that the State did not present sufficient evidence to show that he lacked a contractual interest in Keystone. To convict an individual for trespass, the State

3

must show that a person who "not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the person or that person's agent . . ." Ind. Code § 35-43-2-2(a)(1). The question here is if, from the evidence presented, a reasonable fact-finder could conclude that the State proved that Berry did not have a contractual interest in an apartment at Keystone beyond a reasonable doubt.

Here, Berry, upon being discovered on Keystone property, gave Deputy Tegeler a false name. Tr. p. 7. He then admitted to Deputy Tegeler that he was trespassing. Id. From this, we conclude that a reasonable fact-finder could determine that Berry had no contractual rights to Keystone.

### III. Agency

Indiana Code section 35-43-2-2 requires the State to prove that an individual entered the property of another "after having been denied entry by the person or that person's agent . . ." Berry argues that the State failed to establish an agency relationship between Deputy Tegeler and Keystone or between Deputies Tiggs and Ellis and Keystone. To support his argument, Berry cites this Court's decision in Glispie v. State, 955 N.E.2d 819 (Ind. Ct. App. 2011). In that case, Officer Patrick McPherson arrested Glispie at a business for trespass and testified that he had previously warned Glispie to stay away from the property. Id. at 822. He further stated that he could act as an agent of the property. Id. This Court held that "more was required" and that agency could not be proven by the agent's declaration alone. Id. at 822-23.

4

We find <u>Glispie</u> distinguishable insofar as Officer McPherson was not an off-duty police officer employed as a security guard, but rather an officer acting in his official capacity. <u>Id.</u> Here, however, the deputies in question were off-duty police officers who were working as paid security guards at Keystone. Tr. p. 5. Deputy Tegeler testified that his duties included enforcing "the rules and regulations, such as the trespass list, no loitering, things like that." <u>Id.</u> at 6. Sufficient evidence was offered to allow a reasonable fact-finder to determine that Deputy Tegeler and Deputies Tiggs and Ellis had authority to act on behalf of Keystone and that Berry was barred from entering the property by an agent of Keystone.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.