**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY ERVIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-CR-390 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Vernon Lorenz, Judge Pro Tem
Cause No. 49F10-1311-CM-71738

**January 14, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Anthony Ervin appeals his conviction for Class A misdemeanor trespass. We affirm.

## Issue

The sole issue before us is whether there is sufficient evidence to support Ervin's conviction.

## Facts

On November 5, 2013, Ralph Bridgeforth, who is a reserve officer for the Lawrence Police Department, was working "off-duty as a security officer for the Greyhound Terminal" in Indianapolis. Tr. p. 5. In his position as a paid security guard for Greyhound, Bridgeforth would "look for any type of violations such as trespassers, or any violation of the law." Id. at 5-6. Bridgeforth also had the authority to kick people off of the property as he saw fit. On that day, Bridgeforth encountered Ervin in the terminal yelling at a female customer. Bridgeforth took Ervin to a security station and checked Ervin's name against a "Trespass List," which showed that in October 2012, Bridgeforth had asked Ervin to leave the terminal and was told he could not return.

Ervin was arrested and charged with Class A misdemeanor trespass. After a bench trial Ervin was convicted as charged. He now appeals.

## Analysis

Ervin argues that there is insufficient evidence to support his conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012).

2

We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

A person who, not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent commits Class A misdemeanor trespass. Ind. Code 35-43-2-2(b)(1). "Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former." Glispie v. State, 955 N.E.2d 819, 822 (Ind. Ct. App. 2011) (quotation omitted). "To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent." Id. (quotation omitted).

Relying on Glispie, Ervin argues that there was insufficient evidence of Bridgeforth's agency relationship with Greyhound. In Glispie, a police officer, acting in his capacity as a police officer, was dispatched to a building to investigate a report of trespassing. When he arrived, the officer recognized Glispie as someone he had previously given oral and written warnings for trespassing and arrested Glispie. Glispie was then charged with and convicted of Class A misdemeanor trespass. On appeal, we reversed the conviction because there was no evidence in the record of the building owner's manifestation of consent to the agency relationship with the officer or its control over the officer as its agent and, therefore, no evidence of an agency relationship between the officer

3

and the building owner. Id. We concluded that an officer, "if neither an owner nor an agent of the owner, cannot create a trespass violation by denying a person entry to private property and later discovering that person again on the property." Id. at 823.

The facts before us are distinguishable from Glispie because Bridgeforth was not acting in his capacity as a police officer when he encountered Ervin. Instead, he was employed by Greyhound to patrol the premises and enforce laws and Greyhound's polices. The evidence of the employment relationship between Bridgeforth and Greyhound is sufficient to establish the elements of an agency relationship. See Berry v. State, 4 N.E.3d 204, 206-207 (Ind. Ct. App. 2014) (distinguishing Glispie and affirming trespass conviction where evidence that off-duty police officers were working as paid security guards at an apartment complex allowed a reasonable fact-finder to determine that they had authority to act on behalf of the apartment complex), trans. denied. There is sufficient evidence to support Ervin's conviction.

## Conclusion

There is sufficient evidence Bridgeforth was acting as Greyhound's agent as required to support Ervin's conviction for trespass. We affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

4