**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**
Jan 15 2015, 9:56 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JARREZ HUGHLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-CR-395 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
The Honorable Todd Sallee, Judge Pro-Tem
Cause No. 49F10-1401-CM-4274

**January 15, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jarrez Hughley appeals his conviction for Class A misdemeanor trespass. We affirm.

**Issues**

Hughley raises one issue, which we restate as whether there is sufficient evidence to support his conviction.

**Facts**

On January 28, 2014, Ralph Bridgeforth, a reserve police officer for the City of Lawrence, was working "off-duty security for the Greyhound Bus station." Tr. p. 5. Bridgeforth was employed by Greyhound and, as part of his work for Greyhound, he patrolled the premises and enforced the laws and policies for Greyhound. His work included "trespassing people from the Greyhound property[.]" Id. at 7. That day, Bridgeforth encountered Hughley in the bus station without a ticket to ride the bus. Bridgeforth recalled that Hughley had previously been "trespassed" by him, and Hughley was arrested. Id. at 17.

The State charged Hughley with Class A misdemeanor trespass, and he was found guilty after a bench trial. Hughley now appeals.

**Analysis**

Hughley argues that there is insufficient evidence to support his conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it

2

in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

A person who, not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent commits Class A misdemeanor trespass. Ind. Code 35-43-2-2(b)(1). "Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former." Glispie v. State, 955 N.E.2d 819, 822 (Ind. Ct. App. 2011) (quotation omitted). "To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent." Id. (quotation omitted).

Relying on Glispie, Hughley argues that there was insufficient evidence of Bridgeforth's agency relationship with Greyhound. In Glispie, a police officer, acting in his capacity as a police officer, was dispatched to a building to investigate a report of trespassing. When he arrived, the officer recognized Glispie as someone he had previously given oral and written warnings for trespassing and arrested Glispie. Glispie was then charged with and convicted of Class A misdemeanor trespass. On appeal, we reversed the conviction because there was no evidence in the record of the building owner's manifestation of consent to the agency relationship with the officer or its control over the officer as its agent and, therefore, no evidence of an agency relationship between the officer and the building owner. Id. We concluded that an officer, "if neither an

3

owner nor an agent of the owner, cannot create a trespass violation by denying a person entry to private property and later discovering that person again on the property." Id. at 823.

The facts before us are distinguishable from Glispie because Officer Bridgeforth was not acting in his capacity as a police officer when he encountered Hughley. Instead, he was employed by Greyhound to patrol the premises and enforce laws and Greyhound's polices. The evidence of the employment relationship between Bridgeforth and Greyhound is sufficient to establish the elements of an agency relationship. See Berry v. State, 4 N.E.3d 204, 206-207 (Ind. Ct. App. 2014) (distinguishing Glispie and affirming trespass conviction where evidence that off-duty police officers were working as paid security guards at an apartment complex allowed a reasonable fact-finder to determine that they had authority to act on behalf of the apartment complex), trans. denied. There is sufficient evidence to support Hughley's conviction.

## Conclusion

The evidence is sufficient to support Hughley's trespass conviction. We affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

4