# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 16 2020, 6:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tarek E. Mercho
Mercho Caughey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joy Thornton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 16, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2082<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>David Hooper, Magistrate<br><br>Trial Court Cause No.<br>49G08-1901-CM-3489 |

**Vaidik, Judge.**

# Case Summary

[1] Joy Thornton appeals his conviction for Class A misdemeanor criminal trespass, arguing that the evidence is insufficient to support it. We affirm.

# Facts and Procedural History

[2] In January 2019, Yesenia Ceja was the manager at Peddler's Mall on West 38th Street in Indianapolis. Peddler's Mall is a flea market that rents booth space to different vendors. As the manager, Ceja had the authority to ask people to leave Peddler's Mall. On January 25, Ceja saw Thornton walk into Peddler's Mall. Ceja approached Thornton and told him that he was not allowed to be there as a result of an incident that occurred in September 2018 and asked him to leave. Thornton ignored Ceja and walked to a cell-phone repair booth operated by Luis Perez. Ceja went to her office and called the police.

[3] Indianapolis Metropolitan Police Department Officer Nicholas Wroblewski arrived at Peddler's Mall a few minutes later. Ceja told Officer Wroblewski that she had asked Thornton to leave but that he didn't do so. Officer Wroblewski was the same officer who responded to the September 2018 incident and remembered Thornton. Officer Wroblewski and Ceja then approached Thornton at Perez's booth, and Ceja, again, asked him to leave. Thornton responded that it was a "public place" and that he didn't have to leave. Tr. p. 34. Officer Wroblewski told Thornton that he had to leave and that if he didn't do so he would be arrested. When Thornton then became

"rude," "argumentative," and "hostile," Officer Wroblewski arrested him for criminal trespass. *Id.*

[4] Thereafter, the State charged Thornton with Class A misdemeanor criminal trespass based on Indiana Code section 35-43-2-2(b)(2).[1]  Following a bench trial, he was convicted.

[5] Thornton now appeals.

# Discussion and Decision

[6] Thornton contends that the evidence is insufficient to support his criminal-trespass conviction.  In order to convict Thornton of criminal trespass as charged here, the State had to prove that he (1) did not have a contractual interest in Peddler's Mall and (2) knowingly or intentionally refused to leave Peddler's Mall after having been asked to leave by Peddler's Mall or its agent.  *See* Ind. Code § 35-43-2-2(b)(2); Appellant's App. Vol. II p. 8.

[7] Thornton first argues that the State failed to prove that he was on the property of Peddler's Mall when he was asked to leave.  Specifically, he claims that no evidence was presented that he was "on Peddler's Mall property versus the leased property of Perez."  Appellant's Br. p. 9.  Thornton's argument,

---

[1] The State filed a second criminal-trespass count against Thornton based on Section 35-43-2-2(b)(1), but the trial court granted Thornton's motion for judgment on the evidence as to this count and dismissed it. Accordingly, we do not address it.

however, ignores the fact that vendors merely rent booth space from Peddler's Mall. As such, a customer who visits a booth is necessarily on Peddler's Mall property. Accordingly, the evidence is sufficient to prove that Thornton was on the property of Peddler's Mall when he was asked to leave.

[8] Thornton next argues that the State failed to prove that he lacked a contractual interest in Peddler's Mall, as he was there to do business with Perez. Even though Peddler's Mall is open to the public, as the owner of the property, Peddler's Mall had the right to determine whom to invite, the scope of the invitation, and the circumstances under which the invitation could be revoked. Accordingly, Peddler's Mall could revoke Thornton's invitation to be there. *See Olsen v. State*, 663 N.E.2d 1194, 1196 (Ind. Ct. App. 1996) (finding that the evidence was sufficient to prove that the defendant did not have a contractual interest in a hotel lobby because the hotel had revoked his invitation to be there); *see also Lyles v. State*, 970 N.E.2d 140, 143 (Ind. 2012) (finding that the evidence was sufficient to prove that the defendant lacked a contractual interest in his bank's property because he was "neither an owner nor an employee of the bank" and "the bank manager had authority to ask customers to leave the bank premises"). Because the evidence shows that Peddler's Mall revoked Thornton's invitation to be there, the evidence is sufficient to prove that

Thornton did not have a contractual interest in Peddler's Mall.[2] We therefore affirm Thornton's conviction for Class A misdemeanor criminal trespass.

Affirmed.

Najam, J., and Tavitas, J., concur.

---

[2] Thornton also argues that the State failed to prove that Ceja was an agent of Peddler's Mall. Thornton relies heavily on *Glispie v. State*, 955 N.E.2d 819 (Ind. Ct. App. 2011), *reh'g denied*. In its brief, the State points out that this Court clarified *Glispie* in *Berry v. State*, 4 N.E.3d 204 (Ind. Ct. App. 2014), *trans. denied*, and argues that *Berry*—not *Glispie*—controls this case. Thornton did not acknowledge *Berry* in his brief or file a reply brief to respond to the State's argument.